## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **3:05-CR-56 AS** |
| | ) | **3:07-CV-27 AS** |
| BRUNO CHOINIERE | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant, Bruno Choiniere's, December 19, 2006, "Petition to

vacate and grant new trial" (Docket No. 118), "Request for criminal investigation" (Docket

No. 119), "Petition for change of appointed counsel" (Docket No. 120), and December 21,

2006 "Request for discovery." (Docket No. 123). The Defendant also filed a Memorandum

in support of Docket Nos. 118, 119, and 120 (Docket No. 118, Parts 2-5). This Defendant

also filed a Letter (interpreted as a Motion) filed on January 9, 2007, wherein the Defendant

again requested that his conviction be reversed based on the allegation that his conviction

was secured by evidence obtained in violation of the Fourth, Fifth, and Sixth Amendment,

thereby offending his due process rights. (Docket No. 137). Finally, the Defendant also filed

a third series of pro se motions, on January 18, 2007, which again requested that this Court

vacate, set aside, or correct sentence based on multiple alleged constitutional violations; these

documents are explicitly labeled as motions and memorandum under 28 U.S.C. § 2255.

(Docket Nos. 139 and 140).

## PROCEDURAL HISTORY

The Defendant, Bruno Choiniere, was charged in Counts One (1) through Thirty-Four

(34) of a 34-count Indictment returned by a grand jury in this district on May 12, 2005.

(Docket No. 3). The Defendant proceeded to a jury trial which commenced on May 8, 2006, and the jury returned a verdict of guilty to all counts (1-34) on May 23, 2006. Counts 1, 2, and 3 charged the Defendant with violations of 18 U.S.C. § 1347, Health Care Fraud. Count 4 charged the Defendant with a violation of 42 U.S.C. § 1320a-7b(a)(3), Concealing Overpayments of Benefits. Counts 5-34 charged the Defendant with violations of 18 U.S.C. § 1957, Money Laundering. On August 18, 2006, the Defendant was sentenced on all counts (1-34), to 151 months imprisonment, all concurrent, with two (2) years of supervised release, a $3,400.00 special assessment, $1,580,581.55 in restitution, plus forfeiture. (Docket Nos. 92, 93, 94). On August 25, 2006, Defendant filed with this Court his Notice of Appeal, appealing his judgment of conviction and sentence ordered on August 18, 2006. (Docket No. 98). As of the date of this order, the Defendant's direct appeal filed on August 28, 2006 is still pending. (Court of Appeals Docket No. 06-3304). The Court now considers Defendant's motions as previously identified.

## December 19, 2006 "Petition to vacate and grant new trial" and Memorandum (Docket No. 118):

In order to properly rule on Defendant's Petition to vacate and grant new trial ("Defendant's Petition"), this Court must discern, based on the substantive arguments presented in the pro se motion, the type of motion filed by the Defendant. See, *Guyton v. U.S.,* 453 F.3d 425, 426 (7th Cir. 2006). In Defendant's Petition, Defendant requests that this Court vacate his conviction and sentence, immediately release him from custody, and grant him a new trial. Defendant asserts that such a remedy is proper because he was the victim of ineffective assistance of his counsel, which thereby resulted in the violation of his rights

2

guaranteed by the Sixth Amendment and a violation in his Fifth Amendment due process rights. More specifically, Defendant claims that his attorney's failure to conduct pretrial discovery and failure to file suppression motions was prejudicial, unreasonable, and fell below prevailing professional norms. Defendant also asserts, among other things, that his attorney did not object to the violation of Defendant's due process rights which occurred during the initial criminal investigation into Defendant's activities (before the judicial proceedings began), and that his attorney did not properly assist and advise the Defendant.

The Seventh Circuit case law clearly establishes that "the substance of a party's submission takes precedence over its form." *Guyton v. U.S.,* 453 F.3d 425, 426 (7th Cir. 2006) (citing *Melton v. U.S.,* 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis . . .the name makes no difference. It is substance that controls."). Accordingly, "[a]ny motion filed in the district court that imposed the sentence, and is substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (emphasis in original) ((citing *U.S. v. Scott,* 414 F.3d 815 (7th Cir. 2005) (holding that Scott's request for his grand jury transcripts was really a mislabeled § 2255 motion); *Benefiel v. Davis,* 403 F.3d 825 (7th Cir.2005), *cert. denied* (treating a motion to reopen the original collateral proceedings that argues constitutional claims as the equivalent of a fresh collateral attack); *Godoski v. U.S.,* 304 F.3d 761, 764 (7th Cir. 2002), *cert. denied* (determining that a coram nobis petition attacking the petitioner's conviction as unconstitutional is really a mislabeled § 2255 motion); *U.S. v. Evans,* 224 F.3d 670 (7th Cir. 2000) (holding that Evans' motion for a

new trial, which argued a claim governed by § 2255 ¶ 1, is a collateral attack and, because it

is his second, it is subject to ¶ 8)).  A claim arises under § 2255 ¶ 1 when brought by a federal

prisoner attacking his sentence on the ground that it resulted from a violation of his rights

under the Constitution.  *Guyton,* 453 F.3d at 427 (citations omitted).

This Court has taken substantial time to throughly analyze Defendant's Petition (4

pages) and Defendant's seventy-two (72) page Memorandum in Support of the same.  There

is no question that this Defendant requested that this Court vacate his conviction and sentence

and grant him a new trial because his conviction allegedly resulted from the ineffectiveness

of his counsel and denial of his constitutional rights.  Defendant has not pled that a new trial

should be granted on the basis of newly discovered evidence.  See, *U.S. v. Ellison*, 557 F.2d

128, 132-34 (7th Cir. 1977), *cert. denied*.

Because Defendant's Petition is a post conviction motion that is functionally and

substantively a motion under § 2255, it should be treated as such, even if labeled differently

(or, as in this case, the motion is ambiguously labeled).  See, *Guyton,* 453 F.3d at 426;

*Melton,* 359 F.3d at 857.  This Court is very aware of its obligation to forewarn a Defendant

that such a mislabeled motion will be treated as a § 2255 motion, due to the possibility that a

§ 2255 motion can preclude later collateral proceedings.  See, *U.S. v. Evans*, 224 F.3d 670,

674-75 (7th Cir. 2000); *U.S. v. Henderson*, 264 F.3d 709, 711-12 (7th Cir. 2001) (holding

that when a Defendant's mislabeled motion was deemed a § 2255 motion without notice to

the Defendant, the solution is to not deem the motion a § 2255 motion for purposes of

allowing the Defendant to file a second § 2255 motion without obtaining permission from the

Court of Appeals).  However, Defendant Bruno Choiniere has already subsequently filed an *explicit* § 2255 motion on January 18, 2007 in this Court without permission of the Court of Appeals, as allowed in *Henderson*; therefore, interpreting Defendant's December 19, 2006 Petition as a § 2255 motion does not prejudice the Defendant here.

While there is no bar to the Defendant's raising a § 2255 motion while his direct appeal is pending, this Court must determine if it has jurisdiction over the motion.  *DeRango v. U.S.*, 864 F.2d 520, 522 (7th Cir. 1988).  The well established rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.  *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (citations omitted) (holding that the filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal); *Boyko v. Anderson,* 185 F.3d 672, 674 (7th Cir. 1999) (holding that the filing of the appeal had deprived the district court of jurisdiction over the case with exceptions not applicable here but listed in *Kusay v. U.S.,* 62 F.3d 193 (7th Cir. 1995)); *U.S. v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993) (citations omitted) (holding that the rationale for this rule, is that the direct appeal may moot the issues raised in the § 2255 motion).  Whether extraordinary circumstances exist depends upon the need for speedy relief against the need for conservation of judicial resources.  *Robinson*, 8 F.3d at 405 (citing *U.S. v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979) (affirming the district court's determination that no extraordinary circumstances existed; however, the affirmance did not preclude the defendant from renewing his motion

for relief upon termination of the appeals)).  Moreover, this evaluation is left to the sound discretion of this Court.  *Id.*

In the instant case, Defendant is specifically requesting that this Court vacate his conviction and sentence, and grant him a new trial, which are aspects of the case involved on direct appeal.  In support of Defendant's request, he has raised a host of defense "tactics and strategies" invoked by his counsel to which he now contends amount to ineffective assistance and a violation of his constitutional rights.  However, none of these allegations, nor any facts set forth by the Defendant, amount to the type of remarkable circumstances which would allow this Court to consider Defendant's motion during the pendency of his appeal. Therefore, because there are no extraordinary circumstances permitting this Court to consider Defendant's Petition (Docket No. 118) during the pendency of his appeal, the Motion is hereby ordered **DISMISSED WITHOUT PREJUDICE**.

**January 9, 2007 Motion requesting reversal of conviction based on violation of constitutional rights (Docket No. 137):**

On January 9, 2007, the Defendant filed a Motion with this Court requesting that his conviction be reversed because it was allegedly obtained in violation of his Fourth, Fifth, and Sixth Amendment rights.  (Docket No. 137).  Specifically, the Defendant contends that on or about February 1, 2005 he was subjected to an unconstitutional search and seizure when he was served with a search warrant at his office.  Defendant maintains that he was never given proper notice and opportunity to be heard before the government conducted the search and/or deprived him of his property.  In addition, on May 13, 2005, Defendant asserts that he was not notified of his right to contact his attorney when he was arrested.  Once again, as in

Defendant's previous Petition (Docket No. 118), Defendant did not plead that a new trial should be granted on the basis of newly discovered evidence, especially where the facts alleged were known to the Defendant even prior to his Initial Appearance in this matter on May 19, 2005.

Once again, this Court is required to construe the pro se motion based upon its substantive arguments. *Guyton*, 453 F.3d at 426 (citations omitted). In Defendant's Motion, he clearly requested that the Court reverse his conviction based on constitutional grounds, and such a Motion fits the description of a motion under § 2255. *Id.* at 427. The Court has not forewarned the Defendant that the Motion might be considered a § 2255 motion, but in the instant case, the Defendant does not face prejudicial consequences or procedural collateral bars due to filing the motion because he has already filed an explicit § 2255 motion on January 18, 2007 without motion for leave, as provided in *Henderson*, 264 F.3d at 711-12.

Regardless of the label put on Defendant's January 9, 2007, request for reversal of his conviction based on constitutional grounds, the same issue is currently pending on direct appeal. Again, Defendant has not presented any extraordinary circumstances that would allow this Court the jurisdiction to consider the motion to vacate his conviction, during the pendency of his appeal. See, *Griggs*, 459 U.S. at 58; *Boyko*, 185 F.3d at 674; *Robinson*, 8 F.3d at 405. Therefore, because there are no extraordinary circumstances permitting this Court to consider Defendant's Motion (Docket No. 137) during the pendency of his appeal, the Motion is hereby ordered **DISMISSED WITHOUT PREJUDICE**.

**January 18, 2007 motions and memorandum under 28 U.S.C. § 2255 (Docket Nos. 139 and 140/Docket No. 1 at 3:07cv27):**

On January 18, 2007, Defendant filed his third series of pro se motions, again requesting that this Court vacate, set aside or correct sentence based on multiple alleged constitutional violations. (Docket Nos. 139 and 140/Docket No. 1 at 3:07cv27). Defendant has specifically used a "form" entitled Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Docket No. 139, part 1/Docket No. 1, part 1). In addition, Defendant filed a twenty-five (25) page memorandum in support of the same, titled "28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. Memorandum thereof pro se." (Docket No. 139, part 2 1/Docket No. 1, part 2). Furthermore, on the same date, Defendant also filed a Motion requesting the Court to reconsider its authority to entertain § 2255 pro se motions filed by the Defendant and to "consider the attached § 2255 motion for collateral relief." (Docket No. 140). It is clear that the Defendant has intentionally and explicitly requested the Court to vacate, set aside, or correct his sentence under § 2255. There is no ambiguity on the point that Docket Nos. 139 and 140 constitute a § 2255 Motion. In Defendant's § 2255 Motion, he relies on *Boyko v. Anderson,* 185 F.3d 672 (7th Cir. 1999) for the proposition that this court has the ability to consider his allegedly extraordinary circumstances and therefore rule on the motion, and he also erroneously cites to Fed. R. Civ. P. 60(b) in attempting to challenge his conviction/sentence. Defendant is correct in that, if he presented extraordinary circumstances the Court could consider his § 2255 Motion, but he fails to present such circumstances.

In particular, Defendant makes the following allegations in his  § 2255 Motion

8

(considering Docket Nos. 139 and 140):

      1) Violation of his due process rights under the Fifth Amendment, wherein an audit was conducted of his files without allowing him an opportunity to be heard;

      2) Arbitrary conduct of government officials in violation of the Fourteenth Amendment, wherein the government initiated a criminal investigation into Defendant's activities without giving him an opportunity to be heard;

      3) Ineffective assistance of counsel under the Sixth Amendment, wherein his counsel failed to, among other things, conduct legal research, proper discovery and failed to file suppression motions; and,

      4) Violation of the Eighth Amendment wherein his conviction/sentence is illegal because it is excessive and it was obtained in violation of his constitutional rights.

      The Plaintiff, United States of America, responded by filing a Motion to Dismiss Defendant's § 2255 Motion.  (Docket No. 142).  In the Motion to Dismiss, Plaintiff asserts that this Court should not consider Defendant's § 2255 Motion while his appeal is pending, because no extraordinary circumstances exist.  In addition, Plaintiff attached the docket sheet from the Seventh Circuit showing that the Defendant's direct appeal is still pending.

      Although this Defendant has managed to generate a lot of paperwork, all of which has been considered, none of his allegations, nor any facts set forth by the Defendant, amount to the type of remarkable circumstances which would allow this Court to consider Defendant's motion during the pendency of his appeal.  This Defendant is asking the Court to vacate his conviction and sentence, the very issue which is now before the Court of Appeals.  As

previously discussed at length, without the necessary extraordinary circumstances present, this Court does not have the jurisdiction to entertain Defendant's § 2255 Motion.  See, *Griggs*, 459 U.S. at 58; *Boyko*, 185 F.3d at 674; *Robinson*, 8 F.3d at 405.  Therefore, because there are no extraordinary circumstances permitting this Court to consider Defendant's § 2255 Motion (Docket Nos. 139 and 140 1/Docket No. 1) during the pendency of his appeal, the Motion is hereby ordered **DISMISSED WITHOUT PREJUDICE**.

### "Request for criminal investigation" (Docket No. 119), "Petition for change of appointed counsel" (Docket No. 120), and "Request for discovery"  (Docket No. 123):

The Court now considers additional motions filed by the Defendant on December 19, 2006 on December 21, 2006, more specifically, Defendant's "Request for criminal investigation" (Docket No. 119), "Petition for change of appointed counsel" (Docket No. 120), and "Request for discovery."  (Docket No. 123).

In Defendant's Request for a criminal investigation, he seeks a court ordered criminal investigation on various parties in order to further the attempt to prove his innocence and get his conviction reversed.  In Defendant's Request for a change of counsel, he alleges that his attorney was ineffective and therefore wants new counsel appointed for the remainder of his proceedings.  In Defendant's Request for discovery, Defendant acknowledges that said discovery is needed in order to prove his ineffective assistance of counsel claim, and to challenge his conviction.

First, it is not the duty of this Court to assist the Defendant in proving his case. Second, the Court refuses to entertain motions that may potentially whipsaw the parties between the trial and the appellate courts.  See, *Boyko v. Anderson*, 185 F.3d 672 (7th Cir.

10

1999).  Because in these motions the Defendant is requesting assistance to prove his

innocense and to vacate his sentence and conviction, issues which are now pending appeal,

the Court cannot entertain such motions at this time.  Accordingly, Defendant's Motions

(Docket Nos. 119, 120, and 123) are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.


**DATED: January 26, 2007**

                                        S/ ALLEN SHARP
_____
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**

11